IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CV-249-FL

| | |
|---|---|
| KIMBERLY P. MIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the cross-motions of the parties for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. Plaintiff Kimberly P. Mixon ("Plaintiff") filed this action seeking judicial review of the denial of her applications for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI"). Having carefully reviewed the administrative record and the motions and memoranda of the parties, the court recommends that plaintiff's motion for judgment on the pleadings be denied, defendant's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be upheld.

## STATEMENT OF THE CASE

On November 21, 2003, plaintiff protectively filed an application for a period of disability and DIB. Plaintiff protectively field an application for SSI on the same date. In both applications plaintiff claimed to have become disabled on August 31, 2001, and unable to work. After plaintiff's applications were denied initially and upon reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"), which occurred August 9, 2005. The ALJ issued a decision denying plaintiff's claims on November 2, 2005. The Appeals Council denied plaintiff's request for review on September 12, 2006, rendering the ALJ's decision a "final

determination" for purposes of judicial review. *See Walls v. Barnhart*, 296 F.3d 287, 289 (4th Cir. 2002) (noting that when the Appeals Council denies a request for review, the underlying decision by the ALJ becomes the agency's final decision for purposes of appeal.). Plaintiff has timely commenced the present action pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act (the "Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of current legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The court must not weigh the evidence, as it lacks the authority to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Claimant bears the burden of proving that she is disabled under the Social Security Act. *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993). The term "disability" is defined in the Act

2

as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed in order to determine whether a claimant is disabled and entitled to disabiilty benefits. *See* 20 C.F.R. §§ 404.1520 and 416.920. At step one, if the claimant is currently engaged in a substantial gainful activity, the claim is denied. If the claimant is not engaged in a substantial gainful activity, then at step two the ALJ determines whether the claimant has a severe impairment or combination of impairments which significantly limit him or her from performing basic work activities. If no severe impairment is found, the claim is denied. If the claimant has a severe impairment at step three, the ALJ determines whether the claimant's impairment meets or equals the requirements of one of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P. App. 1.

If the impairment does not meet or equal a Listing, at step four the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his or her past work despite impairment; if so, the claim is denied. However, if the claimant cannot perform his or her past relevant work, at step five, the burden shifts to the Commissioner to show that the claimant, based on his or her age, education, work experience and RFC, can perform other substantial gainful work. The Commissioner often attempts to carry its burden through the testimony of a vocational expert ("VE"), who testifies as to the availability of jobs based on the characteristics of the claimant.

In the present case, plaintiff has alleged that the ALJ erred by failing to consider her non-exertional impairments of diabetes, breast cancer and obesity, and that she is unable to engage in

3

substantial gainful activity. Pl.'s Brf. at 3-4. Plaintiff contends further that the ALJ erred in his assessment of plaintiff's testimony regarding her impairments as well as her overall medical record. *Id.* at 4. Plaintiff has also alleged that the hypothetical posed by the ALJ to the VE was flawed in that it did not contain the impairments plaintiff has alleged the ALJ failed to consider. *Id.* at 8.

## STATEMENT OF THE FACTS

### I. The Findings by the ALJ

In making the decision in this case, the ALJ proceeded through the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and found that plaintiff had not engaged in any substantial gainful activity at any time relevant to the ALJ's decision. (R.16). Then, the ALJ proceeded to step two to determine whether plaintiff had a "severe" impairment or combination of impairments which significantly limited her from performing basic work activities. The ALJ found that plaintiff suffered from the following severe impairments: diabetes mellitus (insulin dependent) with diabetic neuropathy of the lower extremities, status post right modified radical mastectomy secondary to breast cancer and obesity. (R.16-17). The ALJ determined that plaintiff did not have a severe impairment of hypothyroidism. (R.17). At step three, the ALJ determined that plaintiff's impairments were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (R.17). Next, the ALJ determined plaintiff's RFC by considering all of her subjective complaints and the entire medical record. (R.18). At step four, the ALJ explained that plaintiff was unable to perform any of her past relevant work that was light in exertional requirements, and that she was limited to sedentary work. (R.20). At step five, the ALJ determined that plaintiff could perform sedentary work as a cashier, simple dispatcher or receptionist. (R.21). As a result, the

4

ALJ found that plaintiff was not disabled as defined in the Social Security Act at any time through the date of the decision. (R.22).

## II. Plaintiff's Testimony at the Administrative Hearing

At the time of the hearing, plaintiff was thirty-three years old and lived with her mother and seven-year old son in Roper, North Carolina. (R.632-33, 634). Plaintiff testified that she was separated from her husband and had custody of her son, for whom both she and her mother provide care. (R.633). Plaintiff stated further that her mother does most of the cleaning, washing and cooking around the house. (R.634).

Regarding her alleged impairments, plaintiff testified that her weight gain may be partially explained by her need to eat because she is on insulin. (R.635). Plaintiff stated that she has been told that the medication she takes for her cancer makes her gain weight. (R.635). Plaintiff said that she cannot walk or exercise because her feet hurt. (R.635).

Plaintiff described her last job as a cashier position at a convenience store. (R.635). In that role she attended to customers, replaced stock items, cleaned and managed the store refrigerator and cooler. (R.635). Her job included lifting and shelving stock items ten to fifteen pounds, sometimes more, twice a week. (R.636). Prior to this position, plaintiff was employed at a clothing store as a cashier, a position in which she also lifted stock items, although these items were not as heavy. (R.636). Plaintiff testified that she has held other jobs involving cooking and cleaning. (R.637).

Plaintiff testified that she could not return to these types of jobs because she experienced pain in her feet and had to elevate her feet in order to relieve the pain. (R.637-38). She said that she spends an hour or two a day elevating her feet and that her feet would hurt and swell if she

5

did not elevate them. (R.638). Plaintiff testified that she takes pain-relieving medication but that these medications are not completely effective. She also said that she would not be able to work in a convenience store while taking this medication because her medication makes her tired and unable to concentrate. (R.639). Plaintiff testified that she sleeps roughly two hours during the daytime three or four days per week. (R.640).

Plaintiff testified that the pain in her feet is caused by diabetic neuropathy, for which she is taking medication. (R.640). Plaintiff testified that her diabetes has not improved and that her sugar level is elevated and uncontrolled, but that her physicians were trying different levels of insulin to bring her diabetes under control. (R.640).

Plaintiff testified that one of the medications she takes related to her thyroid may cause her to be tired or restless if the dosage is not correct, and that this occurs from time to time. (R.642). Plaintiff said that she is not sure of the reason for the onset of these conditions, and assumes that it is related to her fluctuating weight and the medication she is taking. (R.642-43).

Plaintiff testified that the only way to prevent her legs from swelling is to stay off of her feet. (R.643). Plaintiff admitted that she had been taking a pill that has helped control the swelling, but that she could not take the medication when she was working because it made her use the restroom frequently. (R.643).

Plaintiff testified that she had been diagnosed with thyroid and breast cancer but that these conditions are in remission. (R.644). The only residual effects she experiences related to thyroid cancer are the attempts to gain better control over her metabolism. (R.644). Because of her cancer, plaintiff's right arm remains swollen and weak. (R.644-45). Plaintiff says that she can write but cannot lift anything heavy and cannot use her arm in an elevated position. (R.644).

6

She said that she can use her arm for ten minutes doing manual labor then must rest her arm for about an hour. (R.645). She said that she experiences numbness and tingling in her right hand and that it is difficult to control movement in her hand. She said for a couple of hours per day her hands become numb and interfere with her ability to function. (R.646).

The pain that plaintiff experiences on a regular basis is limited to her legs, hands and feet. (R.647). Plaintiff stated that she experience hot flashes and irritability which she attributes to the chemotherapy she received related to her cancer treatment. (R.647-48).

As for hobbies, Plaintiff said that she reads and attends church on a regular basis. (R.648, 649). Plaintiff testified that she does not like to go shopping because her feet hurt when she walks, but that instead she sits while others shop. (R.649-50).

Plaintiff's mother, Maryann Rodriguez ("Rodriguez"), testified at the hearing. (R.650). Rodriguez stated that she helps plaintiff take care of her son. (R.651). She testified further that plaintiff becomes tired and irritable when she is in pain, and that she has observed plaintiff elevating her feet and legs. (R.651). She said that on most days, plaintiff lies down during the day for a couple of hours. (R.652).

### III. Testimony of the Vocational Expert

Earl A. Glosser, Ph.D., was sworn as a vocational expert at the administrative hearing. (R.653). After considering plaintiff's age, education and description of work history, the VE described plaintiff's prior work experience according to the Dictionary of Occupational Titles ("DOT") as semi-skilled light work requiring the lifting of twenty pounds occasionally and up to ten pounds with some regularity. (R.654). The ALJ then posed the following hypothetical:

> Assume a person the same age, education, work history as Ms. Mixon who

7

> is restricted [] by her symptoms to only lifting 20 pounds on an occasional basis, 10 pounds on a frequent basis. Could stand or walk a total of six hours a day and sit a total of six hours a day. They have to avoid concentrated exposure to hazards. With those type of limitations are there any jobs that she had done in the past she'd be able to do?

(R.654).

The VE testified that plaintiff could perform different kinds of retail sales, cashiering and stocking. (R.654). The ALJ then asked the VE if jobs were available for the same hypothetical person of the same age, education and work history as plaintiff with limitations of no lifting over ten pounds, lifting eight pounds on a frequent basis, with standing and walking restrictions of at least two hours in an eight-hour day, with unrestricted sitting and avoidance of hazards. (R.654-55).

The VE testified that plaintiff would be able to perform sedentary work, including work as a cashier, dispatcher and receptionist. (R.655-57). Each of these jobs existed in significant numbers in the local and national economies (R.656). The VE indicated that there were a large number of these positions available requiring sedentary skills and were available for persons with less education than plaintiff. (R.655). The VE testified that while plaintiff had performed a cashier job previously, she had acquired certain transferable skills from the lighter exertional aspects of her prior cashier work. (R.656). The VE stated that his description of these positions was consistent with the DOT. (R.654, 657).

## IV. Analysis of Plaintiff's Argument

### A. The ALJ did not err in his assessment of Plaintiff's impairments.

Plaintiff argues that the overall medical record reveals substantial evidence that her diabetes, breast cancer and obesity have a greater impact on her ability to function, and that the

8

ALJ erred in his assessment of these impairments. Pl's Brf. at 4-5. The ALJ concluded that plaintiff had severe impairments of diabetes mellitus, status post right modified radical mastectomy secondary to breast cancer, and obesity, but found that these impairments did not rise to the level of a Listing. (R.17-18).

A benefit claimant bears the burden to show that her impairments are severe enough to equal a Listing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting that claimant bears the burden of proof with regard to the first four steps of the analysis necessary to determine disability, including whether the claimant's impairments are severe enough to meet or equal an impairment in the Listings). In this instance, plaintiff has failed to satisfy her burden.

In order to be found disabled due to diabetes mellitus, a claimant must show that she meets the criteria under Listing 9.08.[1] Plaintiff, however, has failed to present evidence sufficient to show that she suffers from a severe impairment that qualifies under Listing 9.08. In his review of plaintiff's medical records, the ALJ found that plaintiff had a record of no edema in her extremities and that she was doing well. (R.17). The ALJ noted that there was no record of disorganization of plaintiff's motor functions, and the record reveals no substantial evidence of any diagnosis of other symptoms identified in Listing 9.08. (R.17, 472-617). In fact, the records show that plaintiff's physicians ordered her to exercise as part of her treatment and that she complied without complaint of pain or fatigue. (R.199, 487, 521, 522, 525, 546, 591). A reasoning mind would accept this evidence as sufficient to support the ALJ's conclusion.

---

[1] Listing 9.08 requires in relevant part that a claimant show that she has diabetes mellitus with:(a) Nueropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station; or (b) Acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests; or (c)Retinitis proliferans; . . . .

9

Accordingly, plaintiff's medical records do not support a finding that her diabetes is sufficiently severe to meet or equal a Listing.

In order to be found disabled due to breast cancer, a claimant must show that she meets the criteria under Listing 13.10.[2] However, plaintiff has failed to produce evidence sufficient to show that she suffers from a severe impairment under Listing 13.10. In his review of plaintiff's medical records, the ALJ found that plaintiff did not have a locally advanced carcinoma or recurrent carcinoma. (R.17). As noted by the ALJ, plaintiff's most recent breast exams revealed that her condition was within normal limits and she was noted to be doing well with no evidence of disease in the treatment regions. (R.17, 437, 470, 522, 523, 533, 592). An x-ray examination revealed no evidence of metastatic disease. (R.437). All evidence in the record indicates that the plaintiff's cancer is in remission and that she did not require additional post-cancer treatment. Accordingly, plaintiff's medical records do not support a finding that her diagnosis is sufficiently severe to meet or equal a Listing.

Although obesity is not considered a Listing, an individual diagnosed as obese "meets" the requirements of a Listing if she has another impairment that, by itself, meets the requirements of a Listing or if there is an impairment that, in combination with obesity, meets the requirements of a Listing. SSR 02-1p. The ALJ acknowledged Social Security Ruling 02–1p, and explained that none of plaintiff's physicians made findings identical to or equivalent in severity to a listed impairment, and plaintiff's impairments considered independently or in combination do not meet

---

[2]Listing 13.10 requires that a claimant show that she has (a) Locally advanced carcinoma(inflammatory carcinoma, tumor of any size with direct extension to the chest wall or skin, tumor of any size with metastases to the ipsilateral internal mammary nodes); or (b) Carcinoma with distant metastases; or (c)Recurrent carcinoma, except local recurrence that remits with antineoplastic therapy.

10

or equal in severity any Listing. (R.17-18); *see* SSR 02-1p. Substantial evidence contained in the record does not attribute any functional impairment to plaintiff's obesity. The ALJ also explained that he relied upon the opinions of State Agency medical experts who evaluated plaintiff's impairments during the administrative review of the record and reached a similar conclusion. (R.18). Findings by State Agency medical personnel regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence and these findings cannot be ignored by the ALJ. SSR 96-6p. Assumptions may not be made about the severity or functional effects of obesity combined with other impairments, and the ALJ appropriately explained the weight given to these opinions in his decision. *See* SSR 02-1p. Plaintiff has failed to carry her burden to show that her obesity is sufficiently severe to equal a Listing. *See Bowen*, 482 U.S. 137, 146 n.5.

The ALJ acknowledged his duty to consider plaintiff's impairments, independently or altogether, in accordance with the Social Security regulations. (R.18). Then, the ALJ specifically stated that "the claimant's impairments, considered singly or in combination, do not meet or equal the severity of any Listing." (R.18). Consequently, the ALJ adequately considered whether plaintiff's impairments, singly or in combination, meet or equal any of the Listings and his determination that they do not is supported by substantial evidence.

Plaintiff argues that the effects of her hypothyroidism were not adequately addressed by the ALJ. Pl.'s Brf. at 7. Specifically, she contends that her thyroid condition at least partially explains her fatigue. *Id.* The ALJ determined that plaintiff's hypothyroidism was not a severe impairment. (R.17). As noted by the ALJ, plaintiff's treating physicians indicated that her thyroid condition is controlled by medication and her most recent thyroid scan results were

11

negative. (R.17, 279, 438-40, 442, 446). The medical record in fact shows her to be substantially without complaint of pain or fatigue. (R.201, 206, 215, 224, 234, 246, 252, 263, 269, 286, 301, 310, 322, 438-39, 502-03, 517, 522). Substantial evidence contained in the record supports the ALJ's determination that plaintiff's hypothyroidism was not a severe impairment.

**B.     The ALJ did not err in his credibility assessment of Plaintiff.**

Plaintiff argues that substantial evidence does not support the ALJ's findings that her allegations of pain and functional restrictions are not credible. Pl.'s Brf. at 4-8. The court disagrees.

In assessing a claimant's credibility, the ALJ must first determine whether the claimant's medically-determinable impairments could reasonably cause the alleged symptoms. *Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996). Next, the ALJ must evaluate the claimant's statements regarding those symptoms. *Id.* at 595. The Social Security regulations require that an ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p. When an ALJ fails to specify the reasons for an adverse credibility determination, remand is appropriate. *Ivey v. Barnhart*, 393 F. Supp.2d 387, 390 (E.D.N.C. 2005).

Here, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms. However, the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible in light of the medical records and what the claimant has reported to her treating physician."

12

(R.19). The ALJ has provided specific reasons for his credibility findings. The ALJ noted plaintiff's testimony regarding pain, swelling and fatigue, reviewed her medical records, and provided specific reasons for his adverse credibility ruling. (R.18-20). Among his findings, the ALJ noted that plaintiff exercises on a regular basis at her physicians' request, and that she provides care to her niece, an activity that requires her to be on her feet. (R.18, 521). The ALJ recognized that plaintiff completed her cancer treatment regimen and that her most recent mammograms were reported to be within normal limits and without evidence of disease. (R.19, 20, 200, 437, 523, 533, 592). Regarding plaintiff's diabetes, the ALJ found, as it was reported in her medical records, that plaintiff exhibited a history of noncompliance with her physicians' orders regarding taking her medication and controlling her diet. (R.279, 298-99, 319, 354, 360-61, 416, 521). Plaintiff offered no reason excusing her non-compliance and records reveal that when followed, the course of treatment as prescribed by her physicians was effective in improving her diabetic condition. (R.354-55, 525, 563, 564). Where impairments can be controlled with medication they are not disabling. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

The ALJ also noted that plaintiff's medical records demonstrated that she had no complaints of pain and was reported to be doing well. (R.19, 306, 310, 446, 442, 434, 408, 461, 523, 534, 592). The medical records confirm the conclusion of the ALJ that plaintiff's gait and station were normal, that she had good range-of-motion, and that plaintiff was in fact encouraged to participate in physical exercise by her physicians. (R.19, 199-200, 204, 210, 219, 311, 365, 376, 421, 505, 514, 520, 521-22, 525, 534, 546, 591-92). Although plaintiff alleges that her pain medications caused her to be fatigued and interfered with her concentration, there is no record of

any complaints of these symptoms to her physicians. Instead, plaintiff's medical history is replete with evidence that she is without complaint of pain from her alleged conditions. (R.224, 252, 265, 330, 438, 439, 575, 591). Moreover, as noted by the ALJ there were no restrictions placed on plaintiff by any of her physicians limiting her from activity. (R.20). A reasoning mind would accept this evidence as sufficient to support the ALJ's conclusion.

The fact that plaintiff points out other evidence in the record that may support her claimed impairments does not diminish the ALJ's analysis. When conflicting evidence is presented, it is up to the ALJ to resolve those inconsistencies. *Hays*, 907 F.2d at 1456. It is not the responsibility of this court to determine the weight of the evidence. *Id*. Here, the ALJ pointed to evidence in the record to support his conclusion that plaintiff was not credible. Therefore, he satisfies his duty under the applicable regulations and law.

### C. The ALJ did not err in determining Plaintiff's RFC.

Plaintiff next contends that the ALJ committed error in determining her RFC. Pl.'s Brf. at 7-8. Specifically, plaintiff argues that the ALJ failed to take adequate notice of her impairments and symptoms affecting her ability to work at a sedentary level. *Id*. at 8. The ALJ found that plaintiff retained the RFC to lift and carry up to ten pounds, stand and walk twelve hours with unlimited sitting during an eight hour day. (R.20).

After reviewing the record and the briefs by counsel, it is the opinion of the court that the ALJ's determination of plaintiff's RFC is based on substantial evidence. *See Coffman*, 829 F.2d at 517. Specifically, the ALJ considered the following in reaching his conclusion regarding plaintiff's alleged impairments:(1) plaintiff's medical records in which no physician placed any limitation on plaintiff, (2) considerable evidence in the medical record that plaintiff is without

14

complaint of pain, (3) plaintiff's testimony, (4) physician orders encouraging plaintiff to exercise regularly and to increase the duration of her exercise regimen, and (5) State Agency evaluations finding plaintiff capable of light work.[3] (R.20). There is substantial evidence contained in the record to support a finding that plaintiff could perform sedentary work.

As stated, in determining whether substantial evidence supports the agency decision, the court's review is limited to whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and rationale in crediting the evidence. *See Sterling Smokeless Coal Co.*, 131 F.3d at 439-40. It is the opinion of this court that the ALJ has satisfied the relevant burden in this case. Accordingly, plaintiff's argument is without merit.

### D. The ALJ did not err in relying on the VE testimony.

Plaintiff next contends that the ALJ committed error by improperly relying on VE testimony. Specifically, plaintiff argues that the hypothetical posed to the VE did not adequately reflect her limitations caused by non-exertional impairments such as the pain in her feet, problems maintaining medication levels, fatigue and limitations in arm movement. Pl.'s Brf. at 8. For the following reasons, the court finds plaintiff's argument unpersuasive.

The hypothetical question to a VE must precisely set out the claimant's individual physical impairments. *Walker v. Bowen*, 876 F.2d 1097, 1100 (4th Cir. 1989); *Cornett v. Califano*, 590 F.2d 91, 93 (4th Cir. 1978). If the ALJ's question to a VE fails to include "with precision" all of the impairments from which the plaintiff suffers, then the expert's testimony

---

[3] The ALJ explained that the State Agency evaluation of plaintiff was based on information contained in the record at the time of the review before the State Agency, and that medical records subsequently produced, together with the medical evidence in the record, supports the conclusion that plaintiff's impairments are *more* limiting than was concluded by the State Agency. (R.20).

15

cannot constitute substantial evidence upon which to base a conclusion that the plaintiff is not entitled to benefits. *Pratt v. Sullivan*, 956 F.2d 830, 836 (8th Cir. 1992). The corollary to this rule is that the ALJ need only include in his questioning those impairments which the ALJ has found to be credible. *Ehrhart v. Secretary of Health and Human Srvcs.*, 969 F.2d 534, 540 (7th Cir. 1992). If the ALJ does not believe that the plaintiff suffers from one or more claimed impairments - and if substantial evidence supports the conclusion - then the ALJ does not err if he fails to include those impairments in his questioning of the VE. *Sobania v. Secretary of Health and Human Srvcs.*, 879 F.2d 441, 445 (8th Cir. 1989).

In this case, the hypotheticals posed to the VE incorporated plaintiff's RFC as determined by the ALJ.[4] (R.20, 654-55). The ALJ precisely set out plaintiff's individual physical impairments as required by Fourth Circuit precedent. *See Walker*, 876 F.2d at 1100. The additional limitations proposed by plaintiff are not included because the ALJ did not find them to be credible. Such an omission does not constitute error. *See Ehrhart*, 969 F.2d at 540. It is therefore the opinion of the court that plaintiff's argument is without merit.

Finally, plaintiff contends that the ALJ concluded that plaintiff was capable of performing the demands of a cashier, but that the ALJ had previously eliminated this position because the VE classified it as a light position. Pl.'s Brf. at 8. The ALJ's conclusion that plaintiff could perform a cashier position at a sedentary level, among others, was based on the VE's testimony according to his review of plaintiff's testimony, age, education, limitations, and work experiences in accordance with the DOT. (R.21-22, 654-57). The VE explained that plaintiff's

---

[4]As discussed in the previous section, the ALJ's finding with regard to the plaintiff's RFC is based on substantial evidence.

16

prior cashier position involved responsibilities at a semi-skilled light level, yet there were certain sedentary functions of the prior position which plaintiff could continue to perform in a sedentary position. (R.653-54, 656). The VE testified further that the cashier job plaintiff could perform was in fact sedentary. (R.654-57). A reasoning mind would accept this evidence as sufficient to support the ALJ's conclusion.

## CONCLUSION

Accordingly, the court finds that there is substantial evidence within the record to support the findings of the ALJ. For this reason, the Court recommends that plaintiff's motion for judgment on the pleadings be denied, that defendant's motion for judgment on the pleadings be granted, and that the decision of the ALJ be upheld. The Clerk shall serve copies of this Memorandum and Recommendation upon counsel for the respective parties. The parties have ten (10) days after being served with this Memorandum and Recommendation to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a *de novo* review by the district court on an issue covered in this Memorandum and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

This, the 11th day of December, 2007.

ROBERT B. JONES, JR.
UNITED STATES MAGISTRATE JUDGE